UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cr-140 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| LUIS VALENCIA PEREZ, a/k/a ) | |
| Luis Perez Valencia, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING MOTION TO EXTEND TIME
FOR FILING MOTION TO DISMISS INDICTMENT**

Defendant is named in a one-count indictment charging him with being unlawfully present in the United States after deportation, following an aggravated felony. 8 U.S.C. §§ 1326(a), (b)(2). Presently pending before the court is a motion by defendant for leave to file a late motion to dismiss the indictment. Defendant's proposed motion seeks to bring a collateral attack against the legality of the underlying deportation order on due-process grounds. The time for filing Rule 12 pretrial motions was established in the pretrial conference summary order (docket # 16), which granted a three-week period for the filing of such motions. That time expired on June 30, 2005, without action by defendant. On August 1, 2005, recently retained co-counsel for defendant filed a motion for expansion of time to file a motion to dismiss, as well as a proposed motion and brief in support. The government opposes the motion.

Rule 12(c) of the Federal Rules of Criminal Procedure authorizes the court to set a deadline for pretrial motions at the arraignment or as soon thereafter as practicable. This court generally establishes such deadlines at the initial pretrial conference, which is held at or shortly after the time of the arraignment. Rule 45(b) governs the extension of time. That rule allows the court to extend the time in which a party may act "after the time expires if the party failed to act because of excusable neglect." FED. R. CRIM. P. 45(b)(1)(B). The "excusable neglect" standard appears throughout the Federal Rules of Civil Procedure and is given a similar interpretation in both the civil and criminal contexts. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 n.9 (1993). To show excusable neglect, the movant must first demonstrate that his failure to meet the deadline was a case of neglect. "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Congress plainly contemplated that courts would be permitted to accept late filings caused by inadvertence, mistake or carelessness, as well as intervening circumstances beyond the party's control. *Pioneer Inv.*, 507 U.S. at 388. Second, the movant must establish that the failure to act was excusable. The determination whether a case of neglect was excusable is "at bottom an equitable one." *Id.* at 395. The court should take into account all relevant circumstances surrounding the omission, including the danger of prejudice to the nonmoving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Turner*, 412 F.3d at 650.

Taking these factors into account, I determine that defendant has met the excusable neglect standard. There is no evidence that the delay was wilful or tactical on defendant's part. Rather, it was caused by tardiness in engaging immigration counsel. The delay was not egregious --

defendant's new counsel sought leave thirty-two days after the expiration of the deadline. The government has not alleged any danger of prejudice or any possible impairment of its ability to prosecute this case. Defendant's proffered reason for the delay, arising from his efforts to engage co-counsel with an expertise in immigration matters, appears reasonable. Although the government is probably correct in asserting that defendant could have acted with more diligence and alacrity, relief under the excusable neglect standard is not precluded where the movant was merely careless. *Pioneer Inv.*, 507 U.S. at 388. Finally, defendant appears to be acting in good faith, in an effort to raise a colorable defense to this prosecution.

The government's suggestion that defendant has waived this motion by failure to bring it in a timely fashion does not appear meritorious. Rule 12(e) provides that any defense enumerated in Rule 12(b)(3) not raised by the court-imposed deadline "or by any extension the court provides" is waived. Obviously, when the court does provide an extension, no waiver occurs. Furthermore, the waiver principle applies only to those motions enumerated in Rule 12(b)(3), and defendant's proposed motion does not fall within any of the enumerated categories. Defendant's motion goes to the ability of the government to prove an essential element of its case, not to a pleading defect in the indictment. Such defenses may be raised by Rule 29 motion at the close of the government's proofs, or even after trial. The government has not cited any authority indicating that a challenge to the government's ability to prove an element of its case must be raised before trial upon pain of waiver.

Consequently, this court finds that defendant is entitled to relief under the excusable neglect standard of Rule 45(b)(1)(B), that no party will be prejudiced by the court's consideration

of defendant's motion before trial, and that resolution of the issue at the pretrial stage may promote judicial economy and expedite the resolution of this matter.  Accordingly:

IT IS ORDERED that defendant's motion for expansion of time to file motion to dismiss indictment (docket # 21) be and hereby is GRANTED.  Defendant's motion to dismiss, submitted as an attachment to his motion for expansion of time, is hereby deemed filed *instanter*. The government is granted 28 days in which to file a responsive brief.

DONE AND ORDERED this 17th day of August, 2005.

/s/  Joseph G. Scoville
United States Magistrate Judge