UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

File No.  1:05-CR-140

v.

HON. ROBERT HOLMES BELL

LUIS VALENCIA-PEREZ,

        Defendant.
                                          /

**O P I N I O N**

       Defendant Luis Valencia-Perez has been indicted on one count of being unlawfully found in the United States following deportation after having been convicted of an "aggravated felony" in violation of 8 U.S.C. §§ 1326(a) & (b)(2).  The definition of "aggravated felony" includes "murder, rape, or sexual abuse of a minor."  8 U.S.C. § 1101(a)(43)(A).  Defendant filed this motion to dismiss on the basis that the underlying deportation order, which is an element of the crime of illegal reentry, was constitutionally defective.  According to Defendant, the Immigration Judge failed to inform him of his right to apply for discretionary relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1182(c) (repealed Sept. 30, 1996).  In light of this alleged defect, Defendant requests that the indictment be dismissed, or, in the alternative, that he be provided a hearing at which he can show how he was prejudiced by the failure to inform him of this opportunity.

The relevant facts are not in dispute. Defendant, a citizen of Mexico, originally entered the United States in 1982 as a migrant farm worker. In 1985 he married a United States citizen. In 1988 he was admitted as a lawful permanent resident. In 1991 Defendant was convicted of felony criminal sexual conduct with a person under the age of thirteen in violation of M.C.L. § 750.520(c)(1)(a). The date of the crime was 1984. In 1996 deportation proceedings were initiated by the Immigration and Naturalization Service. In 1999 the Immigration Judge ordered that Defendant be removed to Mexico. Defendant's appeals to the Board of Immigration Appeals and to the Sixth Circuit were dismissed. Defendant was removed from the United States to Mexico in 2001. Thereafter Defendant returned to the United States without permission. Defendant was indicted in June 2005 on the current charge of illegal re-entry.

Prior to 1996 the Attorney General had broad discretion under 8 U.S.C. § 1182 to cancel deportation orders for aliens who met certain residence requirements and had not served five years in prison for an aggravated felony. *United States v. Copeland*, 376 F.3d 61, 64 (2nd Cir. 2004). However, this discretionary review was repealed by amendments to the Immigration and Nationality Act in 1996. *Id.* After the repeal of § 212(c) the Bureau of Immigration Appeals took the position that the repeal applied retroactively to aliens who had pled guilty to aggravated felonies prior to the repeal. *Id.* However, in *Immigration and Naturalization Service v. St. Cyr*, 533 U.S. 289 (2001), the Supreme Court held that the "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through

plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326.

In order to sustain a successful collateral attack against the prior deportation order, the defendant must demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). To show fundamental unfairness under Section 1326(d)(3), a defendant "must show both a fundamental procedural error and prejudice resulting from that error." *Copeland*, 376 F.3d at 70 (quoting *United States v. Perez*, 330 F.3d 97, 104 (2nd Cir. 2003)). *See also United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (holding that an underlying removal order is fundamentally unfair if a defendant's due process rights were violated by defects in his underlying deportation proceeding, and he suffered prejudice as a result of the defects.).

*St. Cyr* did not hold that § 212(c) relief was available for all convictions. It only held that § 212(c) relief remained available for those "who would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326. The failure to advise of § 212(c) relief can only be fundamentally unfair if the defendant can

3

establish, at a minimum, that the defendant was eligible for such relief.  *See Copeland*, 376 F.3d at 73.

In *Francis v. Immigration and Naturalization Servs.*, 532 F.2d 268 (2d Cir. 1976), the Second Circuit held that, "for equal protection reasons, § 212(c)'s privilege of discretionary waiver for aliens in exclusion proceedings should also be extended to similarly situated aliens in deportation proceedings."  *Cato v. Immigration and Naturalization Servs.,*  84 F.3d 597, 599 (2nd Cir. 1996).  Thus cases subsequent to *Francis* have held that a § 212(c) waiver becomes available in a deportation proceeding if the reason for deportability is "substantially equivalent," "analogous to" or "congruent with" a ground of exclusion listed in § 212(a).  *See United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004); *Drax v. Reno*, 338 F.3d 98, 107 (2nd Cir. 2003).  When the deportee's ground of deportation is one that could conceivably have an analogous ground of exclusion under § 212(a), but Congress has not chosen to include that ground in § 212(a), the deportee is not eligible for § 212(c) relief.  *Drax*, 338 F.3d at 108.  In *Cato* the court held that Cato was not eligible for § 212(c) relief because a weapons offense is not a ground of exclusion listed in § 212(a).  *Cato*, 84 F.3d at 600.  In *Drax*, *St. Cyr* and *Copeland*, on the other hand, the defendants were eligible for § 212(c) relief where they were deported for narcotics violations which are specifically listed in  212(a).

Sexual abuse of a minor is not one of the grounds of exclusion listed in § 212(a).  The closest statutory counterparts are crimes of violence and crimes of moral turpitude.

In *In re Leroy Nelson Blake*, 23 I. & N. Dec. 722 (BIA 2005), the Board of Immigration Appeals, in a case similar to the one before this Court, held that the aggravated felony offense of sexual abuse of a minor has no statutory counterpart in the § 212(a) grounds of inadmissibility. *Id.* at 723. The Board of Immigration Appeals held that "[a]lthough there may be considerable overlap between offenses categorized as sexual abuse of a minor and those considered crimes of moral turpitude, these two categories of offenses are not statutory counterparts." 23 I. & N. Dec. at 728. The Board accordingly held that the respondent was ineligible for a § 212(c) waiver. *Id.* at 723

In light of the dearth of authority on whether the crime of sexual abuse of a minor has a statutory counterpart in § 212(a), the Court will follow the only clear authority, the Board of Immigration Appeals' decision in *Blake*. Accordingly, the Court concludes that there is no statutory counterpart in § 212(a) for the crime of sexual abuse of a minor; that Defendant was not eligible for § 212(c) relief; that the failure to advise Defendant of the § 212(c) discretionary waiver was not fundamentally unfair; and that Defendant's motion to dismiss the indictment must be denied.

An order consistent with this opinion will be entered.


Date:    October 3, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE